IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Luke, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22 C 4477 |
| | ) |
| Renaissance Hotel Management Company, LLC; Hunter Rotchford; and Desmond J. Bohan, | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion & Order

In this action, the amended complaint[1] alleges that, while on premises owned and managed by defendant Renaissance Hotel Management Company, LLC ("Renaissance"), Hunter Rotchford ("Rotchford") and Desmond J. Bohan ("Bohan") attacked plaintiff Robert Luke, causing injury. Counts I and II are against Renaissance, for common law negligence and violation of Illinois' Dram Shop Act, 235 ILCS 5/6-21, respectively. Count III asserts a claim of battery against Bohan and Rotchford. Plaintiff now seeks remand to state court and Renaissance moves for dismissal of Count

---

[1] The case was originally filed in Illinois state court. After removal to federal court, plaintiff filed a first amended complaint ("FAC"), Dkt. No. 24, naming the proper defendant, Renaissance Hotel Management Company, LLC, instead of Marriott International, Inc., d/b/a Renaissance Schaumburg Convention Center Hotel.

I of the amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, both motions are denied.

I.

Plaintiff seeks remand on the basis that the amount in controversy is less than $75,000, depriving this court of subject-matter jurisdiction under 28 U.S.C. § 1332(a). As the proponent of federal jurisdiction, defendants bear the burden of showing by a preponderance of the evidence that, on the day the suit was removed, the amount-in-controversy requirement was met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citations omitted). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citing *Oshana*, 472 F.3d at 511).

The Notice of Removal, Dkt. No. 1, identifies facts that support an estimate of an amount in controversy exceeding $75,000. For example, to meet the jurisdictional minimum of the Illinois court where the case was filed, the original complaint alleged that the amount sought exceeds $50,000. *Id.* at 2-3 ¶ 4(e). The notice also bases its estimate on the allegation that plaintiff "'suffered personal injuries of a permanent and pecuniary nature, incurred medical bills, suffered disfigurement, suffered lost income, and experienced pain and suffering.'" *Id.* (quoting original complaint, Dkt. No. 1-1 at Count II ¶ 10). Such

2

allegations suggest an amount in controversy exceeding $75,000. *See Majchrzak ex rel. Majchrzak v. Gap, Inc.*, No. 17-cv-06604, 2018 WL 2220292, at *4 (N.D. Ill. May 15, 2018) ("Defendants have satisfied their burden and shown the amount in controversy by a preponderance of the evidence simply by quoting the unspecified serious injuries and broad damages of the Complaint."); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." (collecting cases)).

Because defendants have made a showing that the amount-in-controversy requirement is met, plaintiff must show that "a recovery that large is legally impossible" to rebut this conclusion. *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). Plaintiff's affidavit, attached to his memorandum in support of his motion to remand, states that the amount in controversy is $75,000 or less. Dkt. No. 43 at 13–14. This is meaningless because "events after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following removal does not permit remand." *Back Drs.*, 637 F.3d at 830 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); additional citations omitted). Plaintiffs who seek to prevent removal "must file a

3

binding stipulation with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Thus, plaintiff has failed to refute defendants' showing that the jurisdictional threshold is met in this case.

## II.

In its motion to dismiss Count I, Renaissance correctly observes that under Illinois law, "the Dramshop Act provides the exclusive remedy against tavern owners and operators for alcohol-induced injuries." *Charles v. Seigfried*, 651 N.E.2d 154, 158 (Ill. 1995). But Count I does not allege that Renaissance was negligent in serving alcohol to Rotchford and Bohan; it asserts negligence in failing to protect plaintiff from an attack by Rotchford and Bohan. That makes this case like *Lessner v. Hurtt*, 371 N.E.2d 125 (Ill. App. Ct. 1977), in which the court allowed a negligence claim to proceed against Ramada Inn where an intoxicated patron harmed the plaintiff in Ramada's cocktail lounge. *Id.* at 125–26. The court rejected Ramada's argument that the claim should be dismissed because the Dram Shop Act provided the exclusive remedy under the circumstances, instead finding that the negligence claim could proceed because it was "grounded on Ramada's failure to prevent injury to plaintiff by a boisterous and dangerous customer on the defendant's premises." *Id.* at 126.

4

Renaissance seeks to minimize *Lessner*, arguing it is only an appellate court decision and so does not conclusively signify the law of the state. State appellate decisions, however, are entitled to "great weight" unless they are "not a good predictor of what the state's highest court would do in a similar case." *See Williams, McCarthy, Kinley, Rudy & Picha v. Nw. Nat'l Ins. Grp.*, 750 F.2d 619, 624 (7th Cir. 1984) (citations omitted). Here, the Illinois Supreme Court has approvingly cited the reasoning in *Lessner*, so it should receive the usual deference on matters of state law. *See Simmons v. Homatas*, 925 N.E.2d 1089, 1097–98 (Ill. 2010). Additionally, it makes no difference that the plaintiff in *Lessner* did not bring a Dram Shop Act claim in conjunction with the negligence claim, as plaintiff does here, since plaintiffs are free to plead in the alternative.

Still, Renaissance urges, a reading of the complaint in its entirety leads inexorably to the conclusion that the negligence claim must be based on the intoxication of Rotchford and Bohan alleged in Count II and therefore in the exclusive ambit of the Dramshop Act. Otherwise, there is "[n]o actual occurrence" alleged in Count I identifying what caused plaintiff's injuries. *See* Dkt. No. 50 at 1–2. This argument has no bearing on whether Count I is precluded by the Dram Shop Act. It instead goes to Renaissance's contention that Count I lacks sufficient factual allegations, which I turn to next.

5

In Illinois, a business owner generally does not owe a duty to invitees to protect against criminal attacks by third persons "unless circumstances such as prior incidents charge the [business owner] with knowledge of the danger." *Davis v. Allhands*, 643 N.E.2d 856, 861 (Ill. App. Ct. 1994) (citation omitted). In other words, the duty only exists if the criminal activity was reasonably foreseeable. *Id.*; *see Witcher v. 1104 Madison St. Rest.*, 139 N.E.3d 694, 697 (Ill. App. Ct. 2019) (citations omitted). Renaissance argues that plaintiff has not sufficiently alleged foreseeability.

Federal pleading standards require a plaintiff to supply "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests" and to show that he is plausibly entitled to relief, *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022) (citation and quotation marks omitted), but they do not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff satisfies this standard as to foreseeability because he alleges that Renaissance "[f]ailed to remove Desmond J. Bohan and Hunter C. Rotchford from the premises after they showed an intention to harm other patrons." FAC, Count I ¶ 7(f). If true, it is plausible that criminal activity was reasonably foreseeable.

Renaissance also takes issue with what it says is a lack of information "as to how or by whom Plaintiff's injuries were brought about." Dkt. No. 30 ¶ 16. The complaint alleges that Renaissance

6

lacked a plan to "remove violent patrons from the premises," FAC, Count I ¶ 7(e), and that Bohan and Rotchford "showed an intention to harm other patrons," *id.* ¶ 7(f). *See also id.* ¶ 7(g) (alleging Renaissance "[a]llowed the Plaintiff to suffer injuries while on their premises"). From this, I can draw the reasonable inference that plaintiff was injured by Bohan and Rotchford on Renaissance's premises. Plaintiff is not required, as Renaissance suggests, to allege more detail than that or to specify where exactly the alleged injuries occurred.

III.

For the foregoing reasons, plaintiff's motion to remand and Renaissance's motion to dismiss are denied.

ENTER ORDER:

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: December 21, 2022